**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JESUS M. CRUZ,

Plaintiff,

v. Case No. 5:25-cv-410-MMH-PRL

INTERNAL REVENUE SERVICE and BUREAU OF THE FISCAL SERVICE,

Defendants.

---

**ORDER**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss (Doc. 17; Motion), filed November 28, 2025. In the Motion, Defendants, the Internal Revenue Service and the Bureau of the Fiscal Service (the United States), seek dismissal of Plaintiff, Jesus M. Cruz's Complaint for a Civil Case (Doc. 5; Amended Complaint) under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). See generally Motion. Cruz, who proceeds pro se and in forma pauperis, see Order (Doc. 7), entered August 13, 2025, timely filed a response in opposition to the Motion. See Motion in Reply to Defendant(s)

Motion to Dismiss Complaint (Doc. 22; Response), filed April 3, 2026.[1] Accordingly, this matter is ripe for review.

## I. Legal Standard

Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990); see also Jones v. Waffle House, Inc., Case No. 6:15-cv-1637-Orl-37DAB, 2016 WL 3231298, at *3 (M.D. Fla. June 13, 2016).[2] "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (cleaned up). "Factual

---

[1] Cruz timely filed the Response pursuant to this Court's Order of March 23, 2026. See Order (Doc. 21).

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (internal quotation marks omitted). Here, the United States cites the standard for a factual attack but does not offer any evidence to dispute the pertinent facts alleged in the Amended Complaint. See Motion at 3 (quoting Lawrence, 919 F.2d at 1529).[3] Because there are no disputed issues of material fact, the Court applies the standard applicable to a facial attack.

Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Alford v. Consol. Gov't, 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir.

[3] The United States does attach an exhibit to the Motion, see Exhibit A (Doc. 17-1), but the Court concludes that the evidence, even if considered, would not be material to the Court's resolution of the Motion. Likewise, on May 26, 2026, Cruz filed a Moti[o]n to Supplement the Record (Doc. 23; Motion to Supplement). For the reasons explained in Section IV, infra, the evidence Cruz presents in the Motion to Supplement is also immaterial.

1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).[4]

## II. Background[5]

In the wake of the COVID-19 pandemic, the United States authorized three rounds of economic stimulus assistance.[6] At issue here is the economic stimulus assistance authorized by ARPA in 2021. Specifically, Jesus Cruz challenges the United States's classification of the relief he received under

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] In reciting the factual background, the Court accepts all factual allegations in the Amended Complaint as true. See Lawrence, 919 F.2d at 1529. As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

[6] See 26 U.S.C. § 6428 (2026) (the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which authorized the first economic stimulus assistance); 26 U.S.C. § 6428A (2026) (the Consolidated Appropriations Act of 2021 (CAA), which authorized the second economic stimulus assistance); and 26 U.S.C. § 6428B (2026) (the American Rescue Plan Act of 2021, which authorized the third economic stimulus assistance).

ARPA as a Recovery Rebate Credit (RRC) rather than an Economic Impact Payment (EIP).[7]

Since at least sometime in 2021, Cruz has been incarcerated in the State of Florida. See Statement of Claim ¶ 3.[8] As an incarcerated individual, Cruz's only bank account is the one "established with Florida[']s Department of Corrections" and "accessed … via trust account." Id. Cruz notified the United States of this fact as early as "mid 2021." Id. Yet, in August 2022, the United States notified Cruz that his third EIP, in the amount of $1,400, had been issued to him by direct deposit on March 17, 2021. Id. ¶ 1. And, in July 2023, the United States confirmed that the third EIP was deposited into an account with

---

[7] While § 6428B of ARPA is titled "2021 recovery rebates to individuals" and characterizes the rebates as "tax credits," it authorizes both direct advance payments to individuals before filing their tax returns and a tax credit claimed on an individual's tax return. 26 U.S.C. § 6428B. In the Motion, the United States refers to the economic stimulus assistance as an EIP regardless of whether received as an advance payment or a tax credit. See Motion at 3 ("The third round of EIPs, authorized by [ARPA], could be offset to recover child support debt when it was claimed on a 2020 or 2021 tax return as a[n] [RRC]."). But Cruz distinguishes the two, referring to an advance payment as an EIP and a tax credit as an RRC. See Amended Complaint at 7 ¶ 5 ("[In] April[] 2024, [t]he [United States] notified [Cruz] … that the status of the [third] [EIP] to [Cruz] had been changed … to a[n] [RRC]."). Notably, in the Instructions to Form 1040, the IRS calls an advance payment an EIP. See Instructions to Form 1040 (2021) at 57. To avoid confusion, and because the classification of his economic stimulus assistance as a tax credit—an RRC—rather than an advance payment—an EIP—is at the crux of Cruz's claim, the Court will distinguish the two forms of relief using EIP to refer to an advance direct payment and RRC to refer to relief received in the form of a tax credit on an individual's tax return.

[8] In filing his Amended Complaint, Cruz utilized the Court's "Complaint for a Civil Case" form. He presents the basis of his claim in the statement of claim attached as pages 6–13 of the Amended Complaint. The Court refers to these pages as Cruz's Statement of Claim.

Sutton Bank. Id. ¶ 2.[9] In both of these notices, the United States said that the deposit to this account was made at Cruz's request, but Cruz made no such request. Id. ¶¶ 1, 2. In fact, as the United States acknowledged in a March 2024 notice sent to Cruz, Cruz had been the victim of identity theft. Id. ¶¶ 3, 4.

In April 2024, the United States notified Cruz that it "changed your 2021 Form 1040 to correct your RRC" and that as a result, it owed him a $1,400 refund. Id. at 13; see also id. ¶ 5. Sometime later, Cruz notified the United States that its "choice in changing the status of" his third EIP to an RRC caused it "to be considered as income to [his] account" and therefore was "garnished by a listed agency." Id. ¶ 6.[10] According to Cruz, the United States changed the status of his third RRC "without required notification." Id. And, the United States "failed to verify if … the listed agency sent [Cruz] a notice" of its garnishment. Id.

[9] In several places in his filings, Cruz provides the full account number of the bank account at issue, but the Court directed the Clerk of the Court to redact these references pursuant to Rule 5.2. See Fed. R. Civ. P. 5.2 ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains … a financial-account number, a party or nonparty making the filing may include only … the last four digits of the financial-account number.").

[10] Although Cruz does not identify the listed agency, the United States represents that the withholding was made to pay child support debt "owed to the State of New Jersey." See Motion at 2. Although Cruz contests the amount of this debt, see Response at 1; see generally Motion to Supplement, he acknowledges that he owes child support payments, see Response at 1. Any dispute Cruz attempts to raise as to the amount of the debt owed is not material to the Court's resolution of the Motion.

Although Cruz's claims are difficult to understand, he appears to bring two claims against the United States. See id. at 8–9. In the first claim, Cruz asserts that the United States "negligently failed to verify the change to [his] account and stop payment." Id. at 9. And in the second claim, Cruz asserts that the United States "negligently failed to verify if [the] listed agency actually sent" him notice. Id.

## III. Discussion

The United States argues that Cruz's claims should be dismissed under Rule 12(b)(1) because 26 U.S.C. § 6402(g) strips the Court of jurisdiction. See Motion at 5–6. In the alternative, the United States contends Cruz's claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Id. Upon review, the Court concludes that the Motion is due to be granted in part, denied in part, and taken under advisement in part. As to the United States's request for dismissal under Rule 12(b)(1), the Motion is due to be granted as to Count II and denied as to Count I. However, the Court will take the United States's alternative request to dismiss Count I under Rule 12(b)(6) under advisement at this time. The Court remains uncertain as to whether it can properly exercise subject matter jurisdiction over Count I and will order Cruz to show cause why Count I should not be dismissed for lack of subject matter jurisdiction. If, at the conclusion of the Court's sua sponte

inquiry into subject matter jurisdiction as to Count I, the Court concludes that the exercise of subject matter jurisdiction is proper, the Court will consider the United States's alternative argument that Count I should be dismissed under Rule 12(b)(6).

**A. Statutory Framework**

ARPA authorized economic stimulus assistance in the form of a tax credit. See ARPA, Pub. L. 117-2, § 9601, 135 Stat. 4, 138–44 (codified in part at 26 U.S.C. § 6428B); § 6428B(a). The credit is payable directly to eligible individuals because it is treated as a refundable overpayment of taxes, even if an individual owes no taxes. §§ 6428B(e)(3), 6401(b)(1) (2026), 6402(a) (2026); 31 U.S.C. § 1324 (2026); see also Swinton v. IRS, No. 3:22-cv-900 (JAM), 2023 WL 6379415, at *3 (D. Conn. Sept. 30, 2023) (explaining that the payment authorized by ARPA is a tax refund); Sarmiento v. United States, 678 F.3d 147, 152–53 (2d Cir. 2012) (describing a similar payment authorized by the Economic Stimulus Act of 2008 as "a constructive overpayment" of an individual's taxes and explaining that the law "deems the stimulus credit to be a refund of this constructive overpayment").

An eligible individual could receive the assistance in one of two ways: (1) as an advance payment—an EIP; or (2) as a credit on the individual's 2021 tax return. Indeed, § 6428B directs the United States to issue an EIP as an advance

payment if the individual filed a 2019 tax return or a 2020 tax return within certain statutory deadlines, or if the United States can do so based on other information it has available. §§ 6428B(g)(3) (directing the United States to issue the third RRC "as rapidly as possible" to individuals meeting the requirements of subsection (g)), 6428B(g)(1) (applying to individuals who submitted 2019 tax returns), 6428B(g)(5) (applying to individuals who submitted 2020 tax returns within certain deadlines), 6428B(g)(6) (applying to other individuals "on the basis of information available" to the United States). But an individual who did not receive an advance payment could only receive the assistance by claiming a credit on his 2021 tax return (as he would do to claim any tax credit). § 6428B(a).

**B. Child Support Withholding and Jurisdiction**

Whether the third economic stimulus assistance authorized by ARPA is received as an EIP or an RRC is significant for many individuals. Indeed, if it is an RRC, the United States will reduce it if a State has notified the United States that the individual claiming the credit owes past-due child support. 26 U.S.C. § 6402(c); see also 42 U.S.C. § 664(c) (2026) (defining "past-due support" as including child support); Sorenson v. Sec'y of Treasury of U.S., 475 U.S. 851, 859–60 (1986) (holding that the similarly structured earned-income tax credit is subject to reduction under § 6402(c) because it is considered an overpayment

of tax). Section 6402(c) requires the United States to withhold the amount the State claims is overdue, remit that amount (minus fees) to the State, and notify the affected individual of the reduction. § 6402(c). But this reduction is not made when the assistance is disbursed as an EIP. ARPA § 9601(c)(2)(A); see also Prance, 2023 WL 6799101, at *1 (noting that, under ARPA, RRCs are subject to reduction, but EIPs are not). Therefore, an individual who owed past-due child support could only receive the full amount of the third RRC as an EIP, not as an RRC. Importantly, however, ARPA provides that the United States may not issue an ARPA EIP after December 31, 2021. § 6428B(g)(3) (providing that no EIPs "shall be made or allowed … after December 31, 2021"); see also Swinton, 2023 WL 6379415, at *7–8 (holding that the time bar in § 6428B(g)(3) applies to EIPs but not to RRCs). Thus, the only way for an individual to receive the third economic stimulus assistance authorized by ARPA after December 31, 2021, would be as a credit on the person's 2021 tax return.

Section 664 sets forth the procedure the United States must follow in making reductions for past-due child support. Under subsection (a)(2)(A):

> Upon receiving notice from a State agency … that a named individual owes past-due support which such State has agreed to collect under paragraph (4)(A)(ii) or (32) of section 654 of this title, and that the State agency has sent notice to such individual in accordance with paragraph (3)(A), the Secretary of the Treasury shall determine whether any amounts, as refunds of Federal taxes

> paid, are payable to such individual … . If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to such past-due support, and shall concurrently send notice to such individual that the withholding has been made … . The Secretary of the Treasury shall pay the amount withheld to the State agency … . The State agency shall, subject to paragraph (3)(B), distribute such amount to or on behalf of the child to whom the support was owed in accordance with section 657 of this title.

42 U.S.C. § 664(a)(2)(A). The State's obligations are set forth in subsection (a)(3)(A), which provides in relevant part:

> Prior to notifying the Secretary of the Treasury under paragraph (1) or (2) that an individual owes past-due support, the State shall send notice to such individual that a withholding will be made from any refund otherwise payable to such individual. The notice shall also … instruct the individual owing the past-due support of the steps which may be taken to contest the State's determination that past-due support is owed or the amount of the past-due support … .

§ 664(a)(3)(A). The implementing regulation further specifies that the State must certify to the United States that it provided proper notice of its claim to the individual holding the debt. 31 C.F.R. § 285.3(c) (2026) (setting forth the State's notification and certification responsibilities in detail).

Federal court review of these reductions is strictly limited: "No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by [§ 6402(c)]." § 6402(g). Unfortunately, there is a dearth of authority interpreting the scope of this jurisdiction-stripping provision. However, two pertinent conclusions can

be drawn from the authority that does exist. First, § 6402(g) bars federal courts from considering whether a reduction was unlawful or excessive. See Johnson v. United States, 469 F. App'x 79, 80–81 (3d Cir. 2012) (holding that the district court lacked jurisdiction to determine whether the United States withheld an "unlawful amount" from the plaintiff's tax credits); Bandy, 2024 WL 5278790, at *2 (holding that the district court lacked jurisdiction to review whether the second RRC was subject to withholding). And second, § 6402(g) does not "require[] the IRS or any other federal agency to investigate the merits of a state's certification" of a debt. See Hadsell v. U.S. Dep't of Treasury, 587 F. Supp. 3d 1002, 1008 (N.D. Cal. 2022) (Hadsell II), aff'd sub nom., Hadsell v. United States, No. 22-15760, 2023 WL 4418589 (9th Cir. July 10, 2023); see also Hadsell v. United States, Dep't of Treasury by IRS, No. 20-cv-3512-VKD, 2021 WL 5415270, at *4 (N.D. Cal. Nov. 19, 2021) (Hadsell I) (holding that the plaintiff's argument that there was "no evidence that the United States received proper notice from" the State claiming the debt "essentially challenge[d] the validity of offsets made under § 6402(c)" and was therefore barred by § 6402(g)). Notably, despite these limitations on federal jurisdiction, an individual claiming that a § 6402(c) withholding was unlawful may still challenge the validity of the debt by bringing an action against the State claiming the debt. § 6402(g) ("This subsection does not preclude any legal, equitable, or

administrative action against the … State to which the amount of such reduction was paid."); see also Williams v. United States, No. 2022-1712, 2023 WL 193163, at *2 (Fed. Cir. Jan. 17, 2023) ("[Section 6402(g)] only allows a taxpayer to bring [an] action against the Federal agency or state claiming the debt.").

**C. Analysis**

In Count II, Cruz asserts that the United States "negligently failed to verify if [the] listed agency actually sent [him] notice." See Amended Complaint at 9. Liberally construed, it appears that Cruz contends the United States violated 42 U.S.C. § 664(a)(2)(A) by failing to verify that the state claiming to be owed child support properly notified Cruz under § 664(a)(3)(A) and 31 C.F.R. § 285.3(c). See Response at 1. But the plain language of § 6402(g) forecloses federal court review of the United States's § 6402(c) determination that a state properly certified a debt under § 664(a)(3)(A). See Hadsell II, 587 F. Supp. 3d at 1008; Hadsell I, 2021 WL 5415270, at *4; see also Review, Black's Law Dictionary (5th ed. 1979) ("To re-examine judicially or administratively.").[11] Such a claim may be brought only against the state claiming the debt. §6402(g);

[11] The Fifth Edition of Black's Law Dictionary was the contemporary edition when § 6402's jurisdiction-stripping provision was added in 1984 as § 6402(e). See Deficit Reduction Act of 1984, Pub. L. 98-369, § 2653(b)(1), 98 Stat. 494, 1153–56.

Williams, 2023 WL 193163, at *2. As such, Count II is due to be dismissed for lack of subject matter jurisdiction.[12]

However, the Court cannot conclude that § 6402(g) applies to the claim Cruz brings in Count I. Liberally construed, it appears that in Count I, Cruz contends that the United States was negligent in sending his EIP to a bank account that was not his. See Amended Complaint at 9. According to Cruz, this negligence—and the United States's failure to discover it and take remedial action before the December 31, 2021 EIP deadline—led the United States to reclassify his EIP as an RRC, causing it to be withheld under § 6402(c). See Response at 2. In Cruz's view, because he had already been "approved" to receive an EIP before the statutory deadline, he was entitled to receive the EIP after the deadline once the United States realized and corrected its initial mistake. Id. While the negligence about which Cruz complains ultimately caused the United States to withhold the refund Cruz would have been due as a result of the RRC, it appears to be separate and independent from the

[12] In his prayer for relief, Cruz also seeks an award of $1,200, plus interest, for the first economic stimulus assistance, which, he says, was also withheld. See Amended Complaint at 9. But he does not include any factual allegations as to the first assistance or otherwise mention it at all in the Amended Complaint. See generally id. Thus, the Court will not consider any claims based on the withholding of the first assistance. However, the Court notes that, to the extent Cruz seeks to challenge the withholding of his first economic stimulus assistance, the Court would lack jurisdiction to consider it for the same reason it lacks jurisdiction to hear the claim in Count II.

withholding itself. Cruz's claim in Count I is not a request for the Court to "restrain or review a reduction authorized by [§ 6402(c)]." Rather, he seeks redress for the damages caused to him by the IRS's alleged negligence. As such, the Motion is due to be denied to the extent the United States seeks dismissal of Count I under § 6402(g).[13]

**IV. Motion to Supplement**

In the Motion to Supplement, Cruz asks the Court to "supplement the record" with newly submitted evidence that, he says, would "solidify" his case. See Motion to Supplement at 1–2. The proffered evidence consists of a letter from a New Jersey probation officer informing Cruz that she cannot process his request for more information regarding his child support cases without him providing additional personal identifying information. See Letter Dated March 23, 2026 (Doc. 23-1). According to Cruz, the letter helps show that the withholding of his RRC went toward paying child support for children that are not his. See Motion to Supplement at 1. Whether the Court construes the Motion to Supplement as a request for the Court to consider the letter under the standard for a factual attack on subject matter jurisdiction, or as a request

[13] Notably, the United States offers no authority or analysis to support the conclusion that Count I is within the scope of § 6402(g). See generally Motion. Indeed, the United States barely mentions Cruz's identity theft or the disbursement of his third EIP to the fraudulent account. See id. at 5–6.

to permit Cruz to file a second amended complaint, the Motion to Supplement is due to be denied as futile. As discussed above, the Court lacks subject matter jurisdiction over any claims premised on the invalidity of the underlying child support debt. See § 6402(g). Any such claims must be brought against the state claiming the debt. Id.; see also Williams, 2023 WL 193163, at *2. Thus, the evidence proffered would not, even if considered, affect the Court's disposition of the Motion or serve as a basis for the filing of a second amended complaint.

## V. Order to Show Cause

In the event the Court determines that it has subject matter jurisdiction over either of Cruz's claims, the United States alternatively requests dismissal pursuant to Rule 12(b)(6). See Motion at 6 (contending the action should be dismissed based on the reasoning of Chery v. United States, No. 23-136, 2023 WL 8813173, at *2 (Fed. Cl. Dec. 20, 2023)). The Court will not consider this argument at this time because, even though the Court concludes that § 6402(g) does not bar the exercise of subject matter jurisdiction over Count I, the Court remains unable to conclude that subject matter jurisdiction is proper. Therefore, the Court will defer consideration of the United States's 12(b)(6) argument and order Cruz to show cause why Count I should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Campbell v. United States, 962 F.2d 1579, 1581 (11th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). The United States's sovereign immunity "extends to its agencies" and "[t]he general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration." Simons v. Vinson, 394 F.2d 732, 736 (5th Cir. 1968) (quotations omitted).[14] Notably, "only Congress

[14] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

can waive an agency's sovereign immunity." Goble v. Ward, 628 F. App'x 692, 698 (11th Cir. 2015); see also United States v. Mitchell, 463 U.S. 206, 215–16 (1983) ("[N]o contracting officer or other official is empowered to consent to suit against the United States."). The Supreme Court has described the requirements for a waiver of sovereign immunity as follows:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign … . To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.

Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted).

Here, as the plaintiff in this action, Cruz "bears the burden of establishing that the federal government has waived its sovereign immunity with respect to [his] claim." Thompson v. McHugh, 388 F. App'x 870, 872 (11th Cir. 2010). But Cruz has identified no statute establishing the United States's consent to be sued for negligence of the kind he asserts in Count I of the Amended Complaint. See generally Amended Complaint; Response. And the Court is unaware of an immunity-waiving statute that would apply to Cruz's claim for negligence in disbursement of his third EIP to a fraudulent account—indeed, the most obvious possibilities appear inapplicable under their plain language. See, e.g., 26 U.S.C. § 7433(a) (applying to actions brought "in connection with any

collection of Federal tax"); 28 U.S.C. § 1346(a)(1) (applying to actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected"); § 1346(a)(2) (applying to certain non-tort actions and to actions founded on the constitution, a federal statute, a federal regulation, or a contract with the United States); § 1346(b)(1) (applying "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); § 2680(i) (excepting from the waiver set forth in § 1346(b)(1) "[a]ny claim for damages caused by the fiscal operations of the Treasury"). In light of the foregoing, the Court will order Cruz to show cause why his claim in Count I of the Amended Complaint should not be dismissed for lack of subject matter jurisdiction based on the United States's sovereign immunity. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1915(e)(2)(B)(iii) (when a plaintiff has been granted leave to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that" the plaintiff "seeks monetary relief against a defendant who is immune from such relief"). The Court will also provide a deadline for the United States to file a response to Cruz's filing if it chooses to do so.

Accordingly, it is

**ORDERED:**

1. Defendant, the United States's, Motion to Dismiss (Doc. 17) is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**.

   A. The Motion is **GRANTED** to the extent that Count II of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

   B. The Motion is **DENIED** to the extent that the Court concludes that § 6402(g) does not bar review of the claim Plaintiff, Jesus M. Cruz, brings in Count I of his Complaint for a Civil Case (Doc. 5).

   C. In all other respects, consideration of the Motion is **DEFERRED** pending resolution of the Court's jurisdictional inquiry.

2. Cruz's Moti[o]n to Supplement the Record (Doc. 23) is **DENIED**.

3. On or before **August 18, 2026**, Cruz shall **SHOW CAUSE** in a written response why the claim he brings in Count I should not be dismissed for lack of subject matter jurisdiction.

4. On or before **September 1, 2026**, the United States may file a response addressing its sovereign immunity as to Count I. Alternatively, the United States may file a notice indicating that it does not intend to file a response.

**DONE AND ORDERED** in Chambers this 28th day of July, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record